ROBERT W. DEAN, County Judge Marathon County
You state that you have appointed a licensed and practicing attorney to serve as Probate Registrar under the provisions of sec. 865.065, Stats., created by ch. 39, Laws of 1973. He is paid on an hourly basis and handles duties as Probate Registrar at the offices of the Probate Court. You have advised him that he cannot act as attorney in any informal probate and that if a member of his firm has an informal probate, it will be necessary for him to withdraw as Probate Registrar in that matter.
You inquire whether the provisions of sec. 256.22, Stats., would prohibit him from continuing to practice law in other than informal matters in Probate Court.
I am of the opinion that such other practice would be prohibited by the provisions of sec. 256.22, Stats.
Section 256.22 (1), Stats., has been stated to be applicable to the court personnel of a probate court, including the register in probate. See 55 OAG 6 (1966). Section 865.065 (1), Stats., refers to the probate registrar as an "official of the court." In a broad sense, where the county judge does not act as probate registrar, the latter official is a clerk of the court and sec.59.40, Stats., may apply.
Section 59.40, Stats., provides:
 "Not to act as attorney. No person acting as clerk of any circuit or county court in this state shall be allowed to practice as attorney or solicitor in the court in which he is acting as clerk; nor shall he be eligible to the office of municipal justice during the time he holds the office of such clerk." *Page 56 
I am enclosing a copy of an opinion to County Judge M. A. Eberlein which discusses the relationship of the probate registrar to the court.
RWW:RJV